**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| DEFEND ARLINGTON,<br>C/O SAVE SOUTHERN HERITAGE FLORIDA,<br>*et al.*,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE,<br>*et al.*,<br><br>Defendants. | Civil Action No. _______ |

**COMPLAINT FOR TEMORARY INJUNCTIVE RELIEF**

Plaintiffs Defendant Arlington, c/o Save Southern Heritage Florida, *et al.,* by and through their undersigned counsel, hereby file this Complaint for Temporary Injunctive Relief, stating in support there as follows:

Defendants, the United States Department of Defense, et al. ("DOD"), through the Army Military Cemetery and their contractors, have begun *on the Sunday before the Christmas holiday* the hasty removal of the Confederate Memorial from Arlington National Cemetery ("ANC") in Arlington, Virginia. The removal will desecrate, damage, and likely destroy the Memorial longstanding at ANC as a grave marker and impede the Memorial's eligibility for listing on the National Register of Historic Places.

Notwithstanding clear evidence that significant impacts on this important historic resource would result, and before completing the required administrative process, Defendants are determined to charge ahead with a plan to tear down and remove the Memorial, leaving nothing but the granite base to mark Section 16 and the graves of the nation's military dead. Defendants rush to removal and illegal

piecemealing leaves decisions about ultimate disposition of the Memorial to some unspecified future time and with no consideration of cost as required by statute. Defendants' insistence on pressing forward with their removal has and will cause severe damage to the Memorial and the families of its creator and those buried there.

**BACKGROUND**

Defendants have knowingly evaded required environmental review by piecemealing the project in violation of the National Environmental Policy Act, 42 U.S.C. §4321 ("NEPA"). On November 3, 2023, Defendants removed a major regulatory requirement by announcing that they were withdrawing their intent to prepare an Environmental Impact Statement (EIS), determining that compliance with the National Environmental Policy Act (NEPA) is not required for congressionally- mandated removal of the Confederate Memorial from Arlington National Cemetery.[1]

The Army determined the congressionally mandated removal action is a non-discretionary action and that "there would be no reasonably foreseeable significant impacts from any non-discretionary elements of the proposed action. An EIS is therefore not needed to inform any decision-making for this action."[2] Having decided that the Army's removal action is exempt from NEPA, the Army violated NEPA and its own regulations and completely avoided the need to consider significant impacts on historic resources, eliminated opportunity for public comment, and completely abrogated their responsibility to determine the Memorial's ultimate disposition and associated costs.

Had Defendants considered the entire project as a whole, consistent with NEPA's requirement that "connected actions" must be considered in the same environmental impact

[1] 88 Fed. Reg. 75564 (Nov. 3, 2023).
[2] Id. at 75565.

assessment, the impacts to historic resources would have been significant and Defendants would have developed an Environmental Impact Statement (EIS), including mitigation measures to address the Memorial's ultimate disposition.

Notwithstanding Plaintiffs' repeated requests to consider the full scope of effects and mitigate the harm from the removal action, Defendants instead have moved aggressively to expedite environmental review to facilitate initiation of the removal action.[3]

**PARTIES**

1. Plaintiff Defend Arlington is an unincorporated association of individuals and groups that include those named individual Plaintiffs, dedicated to the preservation of Southern-American heritage and Confederate and Jewish Veterans.

2. Independent of this lawsuit, Defend Arlington has expended significant resources developing and preparing educational materials, articles, White Papers, speaking and attending conferences in furtherance of increasing understanding of the civil war, southern heritage, and artistic and historic significance of the Reconciliation Memorial. The removal of the Memorial frustrates the sole mission of Defend Arlington's organization by redirecting resources that would be used for educational materials and advocacy associated with their respective groups to confront the imminent threat of destruction of a significant part of American and Southern history in ANC.

3. At the direction of its associates, Plaintiff Defend Arlington's organizational resources have been diverted and diminished to combat this agency action due to irreversible damage that would result.

[3] See Notice of Availability of Finding of No Significant Impact and Programatic Agreement ("The EA analyzes only the actual removal process including disassembly of the bronze elements of the memorial."), available at: https://www.arlingtoncemetery.mil/About/Confederate-Memorial-Removal

4. Plaintiff Defend Arlington, through its associates, participated in the November 7-8, 2022 Federal Advisory Committee on Arlington National Cemetery (FACANC) meeting but all were denied permission to address the Committee during the public comment period.

5. Plaintiff Save Southern Heritage Florida (SSHF) is an unincorporated association of individuals whose purpose is to preserve the history of the South for future generations. SSHF focuses efforts on the State of Florida.

6. SSHF has a particular interest in the ANC as the State of Florida is recognized on the Memorial through its coat of arms on the Memorial itself and in that three Floridians are buried in the Florida section in the concentric circles surrounding the Cenotaph.

7. SSHF has diverted volunteer and financial resources away from its intrastate focus to address the imminent threat to Florida's Southern history and heritage at ANC.

8. Plaintiff Friends of the Judah P. Benjamin Camp of the Sons of Confederate Veterans is an unincorporated association of members of the Judah P. Benjamin Camp of the Sons of Confederate Veterans established to assist the Camp in its mission.

9. The Judah P. Benjamin Camp was formed as a subdivision of the Sons of Confederate Veterans whose mission is to defend the good name of the Confederate Veteran and preserve their history into future generations. The Camp's particular mission is to recognize the diversity of the Confederate States of America and did so initially by adopting as its namesake Jewish Secretary of State Judah P. Benjamin. The Camp has an interest in and diverted resources to the efforts to preserve the Reconciliation Memorial at ANC not only because of its historical significance in American history and the history of the Confederate Veteran, but also because the artist was himself, Jewish, like the Camp's namesake, and represents not only its sculptor, but also in the diverse images on the Memorial, the ethnic and geographic diversity of the South.

10. Plaintiff Harold K. Edgerton is an individual residing in North Carolina. Plaintiff Edgerton is a Confederate Southern American of African ancestry. As an active and vocal defender of Southern culture and history and the honor of the Confederate soldier both black and white, Plaintiff Edgerton is often invited to speak on these issues in front of the Memorial, including the upcoming June 4 memorial service at ANC. He identifies with the African-American images on the Memorial and believes that its removal erases his black family's participation in the Confederate struggle for independence from America's most prominent military history museum.

11. Plaintiff Richard A. Moomaw is an individual residing in Virginia. Plaintiff Moomaw has ancestors buried in Section 16 of the ANC. Plaintiff Moomaw travels to Arlington with his family to honor those familial descendants that honorably served in our military. The Memorial represents the reunification of the North and South and the commemoration of all fallen military. Removal of the Reconciliation Memorial, as it is commonly known by, attributes a stigma of dishonor and disgrace to those soldiers, including Plaintiff's descendants causing grave harm.

12. In addition, Plaintiff Moomaw (and the other Plaintiffs) will be harmed by agency action challenged herein because the deconstruction and removal of the Memorial, through the use of heavy equipment, jackhammers, digging, sawing, and throngs of workers tramping through the area may cause damage to existing headstones and graves and the serene surrounds of Section 16.

13. Plaintiff Edwin L. Kennedy, Jr. is an individual residing in Alabama. Plaintiff Kennedy has ancestors buried in unknown graves across the South and believes that the Memorial commemorates and marks the graves of his ancestors, in a manner similar to the Tomb of the

Unknown Solder. Removal of the Memorial will cause him grave harm.

14. Plaintiff Teresa E. Roane is an individual residing in Virginia. Plaintiff Roane is a past Archivist for the Museum of the Confederacy and has given speeches in front of the Memorial. Plaintiff Roane has been invited to speak at the Memorial on June 4, 2023. Removal will negatively impact Plaintiff Roane's economic opportunities associated with historic and civil war tour guide opportunities.

15. Plaintiffs, Paul Robert Ezekial, Dennis F. Ezekial, Patricia A. Ezekial, Edwin J. Ezekial, Marilyn C. Ezekial and Claire Glenhan, collectively ("the Ezekial Family") are direct familial descendants of Sir Moses Ezekial, the Memorial's designer and whose interred remains lay at its base. The Ezekial Family have a strong interest in preventing the overturning of Ezekiel's request to be buried at the base of the Memorial in Section 16 of Arlington. Further, the Ezekial Family has a strong interest in preventing the destruction and removal of Ezekial's life's work from its historical context. The Memorial has been determined eligible for listing on the National Register of Historic Places, an honor the Ezekial Family is proud to share. The Army's removal threatens this eligibility determination.

16. The harm and injuries to Plaintiffs outlined herein will be redressed by this Court's order granting the injunctive relief demanded, enjoining the Defendants from further action and declaring that the Defendants have no authority to remove or cause the removal of the Memorial.

17. Defendant Lloyd Austin is the United States Secretary of Defense. Defendant Lloyd Austin is sued in his official capacity as the Secretary of Defense. In that capacity, Lloyd Austin is responsible for the entire United States Department of Defense, including the United States Army. Upon information and belief, Defendant Austin performs a significant amount of

his official duties within this judicial district at 1000 Defense Pentagon Washington, D.C. 20301-1000.

18. Defendant William LaPlante is the United States Under Secretary of Defense for Acquisition and Sustainment. In that capacity, William LaPlante, issued the January 5, 2023 directive to begin full implementation of the Naming Commission recommendations. Upon information and belief, Defendant LaPlante performs a significant amount of his official duties within this judicial district at 3010 Defense Pentagon, Washington, D.C. 20301-3010.

19. Defendant Christie Wormuth is the Secretary of the Army. In that capacity, Christie Wormuth is responsible for the entire United States Army. Upon information and belief, Defendant Wormuth performs a significant amount of her official duties within this judicial district at 101 Army Pentagon, Washington, D.C. 20310-0101.

20. Defendant United States Army is a branch of the Department of Defense. The Army has jurisdiction over ANC.[3]

## STATUTORY AND REGULATORY BACKGROUND

The Administrative Procedures Act governs review of claims brought under NEPA. Courts may set aside agency actions that are arbitrary or capricious, abuse of discretion or otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A). Congress enacted the National Environmental Policy Act ("NEPA") to "promote efforts which will prevent or eliminate damage to the environment," and by extension human health and welfare. 42 U.S.C. § 4321. NEPA makes it "the continuing policy of the Federal Government, in cooperation with States," "to create and maintain conditions under which man and nature can exist in productive harmony." *Id.* § 4331(a). It directs the federal government "to use all practicable means, consistent with other essential considerations of national policy, to improve and coordinate Federal plans, functions, programs and resources" to "preserve important historic,

cultural, and natural aspects of our natural heritage"; "assure for all Americans safe, healthful, productive and esthetically and culturally pleasing surroundings"; and to "fulfill the responsibilities of each generation as trustee of the environment" for future ones. *Id*. § 4331(b)(1), (2), (4).

To further these purposes, NEPA requires federal agencies to prepare a "detailed statement" on environmental effects before pursuing "major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(2)(C). This requirement ensures that agencies "take a 'hard look' at the environmental effects" of those actions before approving them. *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 374 (1989).

If an agency believes that its action is not likely to have a significant environmental impact, it may prepare an EA evaluating the environmental impacts of the proposed action as well as all alternatives to the proposed action that were considered by the agency. 40 C.F.R. § 1501.5(c). If the agency makes a "Finding of No Significant Impact" or "FONSI," then it may forego preparation of a full EIS. 40 C.F.R. § 1501.6(a). NEPA established a Council on Environmental Quality ("CEQ") within the Executive Office of the President and empowered the CEQ to issue regulations implementing NEPA. 42 U.S.C. §§ 4321, 4342. The Army has supplemented these regulations with its own implementing regulations, codified at 32 Code of Federal Regulations, Part 351. The Army's regulations expressly state that congressional mandated actions are not exempt from NEPA.[4] Until a lawful FONSI, or EIS and ROD, has been issued, "no action concerning the proposal shall be taken which would" either "(1) [h]ave an adverse environmental impact," or "(2) [l]imit the choice of reasonable alternatives" to the proposal. *Id*. § 1506.1(a).

[4] 32 C.F.R. 651.11(a) (The fact that Congress has directed the Army to take an action does not constitute an exemption.).

Agencies must consider connected actions in the same environmental impact statement. 40 C.F.R. §1508.25(a)(1). The requirement is to prevent agencies from segmenting their actions to avoid a finding of significant impacts.[5]

**CAUSE OF ACTION**

Defendants have violated the Administrative Procedure Act by arbitrarily, capriciously and unlawfully deliberately bypassing required steps under the National Environmental Policy Act (NEPA) and the National Historic Preservation Act (NHPA) to remove the Reconciliation Memorial without completing the required administrative processes.

WHEREFORE, Plaintiffs respectfully request that the Defendants and all persons and entities acting on their behalf or in concert with Defendants be enjoined from continuing to deconstruct and removal the Reconciliation Memorial at Arlington National Cemetery.

December 17, 2023

Respectfully submitted,

*/s/ John P. Rowley III*

John P. Rowley III
SECIL Law PLLC
1701 Pennsylvania Ave., NW
Suite 200
Washington, DC 20006
T: +1.202.642-0679
E: jrowley@secillaw.com

*Counsel for Plaintiffs*

[5] *Crutchfield v. U.S. Army Corps of Eng'rs* 154 F. Supp. 2d 878 (E.D. VA 2001) (citing 4th Cir. explanation of segmentation in *New River Valley Greens v. United States Dep't of Transp*., 161 F.3d 3, 1998 WL 633959, (4th Cir. 1998) (unpublished opinion).

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Motion for Preliminary Injunction on December 17, 2023 by using the CM/ECF system, which served all counsel of record registered with the CM/ECF system for this case.

__*/s/ John P. Rowley III*____
John P. Rowley III