IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

DEFEND ARLINGTON,
C/O SAVE SOUTHERN HERITAGE FLORIDA,
*et al.*,

          Plaintiffs,

  v.

UNITED STATES DEPARTMENT OF DEFENSE,
*et al.*,

          Defendants.

Civil Action 1:23-cv-01730

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAING ORDER TO ENJOIN REMOVAL OF THE RECONCILIATION MEMORIAL AT ARLINGTON NATIONAL CEMETERY**

This Memorandum supports Plaintiffs' Motion for Temporary Restraining Order to preserve the *status quo* and enjoin Defendants from taking any further action to tear down, deconstruct, alter, or remove, and thereby irreparably damage and desecrate, the object of the controversy in this case – the Confederate Reconciliation Memorial (the "Memorial"). The Memorial is longstanding at Arlington National Cemetery ("ANC") as a grave marker and symbol of reconciliation between the Northern and Southern states. The Memorial, and the surrounding grounds on which it stands, is a priceless monument with extraordinary significance to American history and cultural heritage.[1] Erected in the early 1900s during the post-reconstruction and post

---

[1] *See* Army National Military Cemeteries, *Phase II Intensive-Level Survey of the Confederate Memorial (000-1235)* (March 20, 2023) (https://www.arlingtoncemetery.mil/Portals/0/Docs/Public-Notices/ConfederateMemorial-Phase%20II%20Survey%20Report-230320-DHR%202022-0201.pdf?ver=LCzHQW4opdzpqTpGYm9ULg%3d%3d) (finding that the Memorial "merits listing in the [National Register of Historic Places] due to its status as a unique historical artifact that embodies, in

1

Spanish American War eras, the Memorial is a symbol of reconciliation aimed at healing a country divided during a brutal sectional war and reconstruction. Nearly every U.S. President in the modern era, including Barrack Obama, has laid a wreath of flowers at the Memorial as a tribute to the spirit of reconciliation and healing it represents. Deconstruction and removal of the Memorial – before the Court has an opportunity to rule on the merits of the legal issues involved – will irreparably harm the Plaintiffs.

The Army's rush to move forward with removal began on Saturday, December 16, at 2 pm, with its issuance of a Finding of No Significant Impact ("FONSI") and initiation of deconstruction actions yesterday, Sunday, December 18, 2023. But the Army's FONSI did not consider the entire federal action as required by National Environmental Policy Act, 42 U.S.C. §4321 ("NEPA"). The FONSI was clear that final disposition of the Memorial would be resolved in a *future* consultation. The Army's Environmental Assessment ("EA") expressly "does not cover final disposition of the Memorial."[2]

Defendants' December 16 notice, issued one day before the Army began the hurried removal of the Memorial over the weekend, shows that serious questions remain about whether these are Final Agency Actions under the Administrative Procedures Act ("APA"). There is no further agency action, opportunity for public comment, discussion, or debate on the issue of *whether* the Memorial will be torn down and removed. As the Defendants have made clear in recent correspondence and publications, the only public comment they are willing to entertain going forward will relate only to the relocation of the Memorial *after* removal.[3]  However, by then, it will be too late to stop the irreparable desecration of this historic memorial and grave marker.

---

monumental form, the discourse surrounding the memorialization of the Civil War.")
[2] Environmental Assessment at pg. 4.
[3] *See* Siegel Decl. at ¶ 16, Ex. 2 attached to Motion for TRO.

Defendants have been clear, "barring an injunction or cease and desist, the Memorial will be removed."[4]  On November 3, 2023, Defendants removed a major regulatory requirement by announcing that they were changing course and bypassing preparing Environmental Impact Statement ("EIS") – which they had previously committed to preparing – under the National Environmental Policy Act. Defendants changed course for timing reasons and decided instead that an EIS is not required for congressionally mandated removal of the Memorial from Arlington National Cemetery.[5] The Army determined that the removal is a non-discretionary action and that "there would be no reasonably foreseeable significant impacts from any non-discretionary elements of the proposed action. An EIS is therefore not needed to inform any decision-making for this action."[6] Having decided that the removal action is exempt from NEPA, the Army is moving ahead with immediate removal, this lawsuit notwithstanding.

**PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS OF THEIR COMPLAINT FOR INJUNCTIVE RELIEF**

Defendants' decision that congressionally mandated actions are not subject to NEPA is not supported by the law. NEPA § 102(2) requires federal agencies to evaluate the environmental consequences of their actions and consider and alternatives to proposals for all major Federal actions significantly affecting the quality of the human environment. *See* 42 U.S.C. § 4332 (2)(C). Moreover, NEPA § 101(b)(4) states that the Federal Government must use all practicable means to "preserve important historic, cultural, and natural aspects of our national heritage." 42 U.S.C. § 4331(b)(4). The Army and the Virginia State Historic Preservation Officer, among others, have recognized that the Memorial has great historical significance, warranting review under NEPA.

---

[4] See ANMC presentation on Confederate Monument removal to the Arlington National Cemetery Federal Advisory Committee available at: https://www.youtube.com/watch?v=M2dGuxCI3cQ&t=26s.
[5] 88 Fed. Reg. 75564 (Nov. 3, 2023).
[6] Id. at 75565.

Defendants' decision that because the removal action is "non-discretionary" the question of whether to remove the monument is not subject to analysis under NEPA[7] is contrary to Army NEPA implementation regulations that expressly state, "the fact that Congress has directed the Army to take an action does not constitute an exemption." *See* 32 CFR 651.11(a). The decision also contradicts the Army's practice of preparing EISs for congressionally mandated actions and is contrary to a recent Army decision canceling a congressionally mandated and appropriated project where strong opposition to the project arose through the NEPA scoping process.[8]

Defendants have neither evaluated the environmental consequences of implementation of the Commission's recommendation to remove the Memorial from ANC, nor have they considered any alternatives to the proposed action as mandated by NEPA. As such, Defendants have violated NEPA §102 by failing to consider environmental impacts of the removal recommendation prior to Final Agency Action.

Defendants have knowingly evaded required environmental review by piecemealing the project in violation of NEPA, which requires that, in addition to direct analysis of the project at hand, it may also include consideration of connected federal actions.[9] The requirement is to prevent agencies from segmenting their actions to avoid a finding of significant impacts.[10] Connected actions, are those that automatically trigger other actions; cannot or will not proceed unless other actions are taken previously or simultaneously; or are interdependent parts of a larger action and depend upon the larger action for their justification, are closely related and, therefore, should be

---

[7] Id.
[8] See 88 Fed. Reg. 77086 (Nov. 8, 2023) announcing DOD's decision not to move forward with the project, authorized under the NDAA, and terminating preparation of the EIS.
[9] NEPA regulations require that agencies must consider connected actions in the same environmental impact statement.  40 C.F.R. §1508.25(a)(1).
[10] *Crutchfield v. U.S. Army Corps of Eng'rs* 154 F. Supp. 2d 878 (E.D. VA 2001) (citing 4th Cir. explanation of segmentation in *New River Valley Greens v. United States Dep't of Transp.*, 161 F.3d 3, 1998 WL 633959, (4th Cir. 1998) (unpublished opinion).

discussed in the same EIS. *See* 40 CFR 1508.25(a)(1). Council of Environmental Quality ("CEQ"), a division of the Executive Office of the President, issues regulations that define connected actions to mean those "that are … closely related and should be discussed in the same impact statement." 40 CFR 1508.25(a)(1). Actions are *connected* if they:

> (i) Automatically trigger other actions which may require environmental impact statements.
>
> (ii) Cannot or will not proceed unless other actions are taken previously or simultaneously; and
>
> (iii) Are interdependent unless other actions are taken previously or simultaneously.

In this case, both actions are federal actions and lack independent utility, such that the removal action could not occur without deconstruction and final disposition and deconstruction and final disposition of the Memorial would not occur but for the Army's removal action. Further, Congress directed that the least cost- effective method must be employed. The cost of final disposition cannot be segregated from the cost of the removal action. The removal action and the final disposition of the Memorial are inextricably intertwined since the removal cannot proceed without deconstruction and final disposition and deconstruction and final disposition would not be necessary but for the removal action.

Without immediate Court intervention preserving the *status quo*, the deconstruction and removal of the Memorial, which is currently underway, will be completed before this Court has an opportunity to fully consider the important issues that are presented in this case. Funds have been directed and statutorily required reviews have been ignored, the deconstruction is currently underway as observed by Plaintiff, Lunelle Siegel.[11] Plaintiffs, the Memorial, and the ANC itself will be irreparably harmed should the Defendants carry out Secretary Austin's directive, without

---

[11] *See* Siegel Decl., Ex. 2 attached to Motion for TRO.

this Court's review as requested by Plaintiffs in their Emergency Motion for Temporary Restraining Order.

### PLAINTIFFS WILL BE IRREPARABLY AND DIRECTLY AGGRIEVED BY DEFENDANTS' FINAL AGENCY ACTION

Plaintiff Defend Arlington is an unincorporated association of individuals and groups that include those named individual Plaintiffs, dedicated to the preservation of Southern-American heritage and Confederate and Jewish Veterans. Independent of this lawsuit, Defend Arlington has expended significant resources developing and preparing educational materials, articles, White Papers, speaking and attending conferences, public and private events in furtherance of increasing understanding of the civil war, southern heritage, and the artistic and historic significance of the Reconciliation Memorial.[12]

The removal of the Memorial frustrates the sole mission of Defend Arlington's organization by redirecting resources that would be used for educational materials and advocacy associated with their respective groups to confront the imminent threat of destruction of a significant part of American and Southern history in ANC.[13]

Plaintiff's association also includes members of the families of the sculptor of the Memorial and those family members will be profoundly impacted by the removal of this Memorial which the sculptor intended to be a work of art to bring about reconciliation for our nation.

### CONCLUSION

Plaintiffs accordingly request that this Court grant their Motion and issue an order temporarily restraining the deconstruction and removal of the Memorial pending consideration of the matters presented in Plaintiffs' Complaint for Injunctive Relief.

---

[12] *See* Siegel Decl. at ¶ 7.
[13] *Id*. at ¶ 8.

December 18, 2023                                        Respectfully submitted,

                                                                 */s/ John P. Rowley III*
John P. Rowley III (VA Bar 19804)
SECIL Law PLLC
1701 Pennsylvania Ave., NW
Suite 200
Washington, DC 20006
T: +1.202.642.0679
E: jrowley@secillaw.com


John A. Sheehan
Earth & Water Law LLC
1455 Pennsylvania Ave, N.W.
Suite 400
Washington, D.C. 20001
D.C. Bar No. 403838
T: +1.301.980.5032
E: john.sheehan@earthandwatergroup.com
*Pro hac vice application pending*

*Counsel for Plaintiffs Defend Arlington, et al.*


## CERTIFICATE OF SERVICE

     I hereby certify that I electronically filed the foregoing Motion for Preliminary Injunction on December 18, 2023 by using the CM/ECF system, which served all counsel of record registered with the CM/ECF system for this case.

                                                           */s/ John P. Rowley III*
                                                           John P. Rowley III